UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANDREW HEATH,

      Plaintiff,

v.

    Case No. 24-cv-10568

    Honorable Robert J. White

GARY CHARLES COLE, JR., et al.,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

This case involves Plaintiff Mark Andrew Heath's claims under 42 U.S.C. § 1983 against Defendant County of Oscoda (the County) and two police officers, Defendants Gary Charles Cole, Jr. and Adrian Anderson. (ECF No. 1).  Before the Court is Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim). (ECF No. 15-1).  The Parties fully briefed the motion and the Court will decide it without oral argument pursuant to Local Rule 7.1(f)(2).  For the following reasons, the Court grants the motion.

## I.  Background

Plaintiff filed this action on March 5, 2024, asserting three counts under 42 U.S.C. § 1983. (ECF No. 1).  According to Plaintiff, Cole and Anderson at all

revenant times were employed as police deputies for the County and "w[ere] acting under the color of law, in [their] individual and official capacit[ies], and within the course and scope of [their] employment." (ECF No. 1, PageID.7).  Plaintiff alleges that on August 12, 2021, he was wearing "a non-ballistic vest equipped with a body worn camera" and recording video of "publicly accessible areas" outside of the County's sheriff office before leaving "without incident." (ECF No. 1, PageID.7). Anderson filed a police report stating that he saw Plaintiff wearing "body armor," Cole later executed a search warrant for Plaintiff's vehicle, and police ultimately charged Plaintiff with being a felon in possession of body armor, Mich. Comp. Laws § 750.227g. (ECF No. 1, PageID.7-8).  According to Plaintiff, he remained incarcerated for seven months before this charge was dismissed in May 2022. (ECF No. 1, PageID.9).

Count I of the complaint alleges that Anderson and Cole violated Plaintiff's Fourth Amendment rights because numerous search warrants they sought and executed lacked probable cause and were based on Anderson's false statement that he saw Plaintiff wearing body armor. (ECF No. 1, PageID.9-10).  Count II alleges that Defendants violated Plaintiff's First and Fourteenth Amendment rights by criminally charging him for "his completely legal and constitutionally protected activities"—i.e., for exercising his "right to video record public property." (ECF No. 1, PageID.10-11).  Lastly, Count III alleges that the County committed various

constitutional violations (1) by "act[ing] against Plaintiff who was exercising his Constitutional Right to Free Speech when they [decided] to proceed with the unlawful arrest, detention and prosecution"; and (2) "when it practiced and or [sic] permitted customs and or [sic] practices which resulted in [the] violation of [P]laintiff's constitutional rights." (ECF No. 1, PageID.11).

Plaintiff seeks damages of $420,000,000 and the return of property seized during the police investigation. (ECF No. 1, PageID.12).  Defendants now move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). (ECF No. 15-1).

## II.    Legal Standards

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to

relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court acknowledges that both parties attached various exhibits to their briefing on the instant motion. While many of the exhibits are appropriate for consideration under Rule 12(b)(6), the Court is nevertheless able to resolve this motion without relying on the additional evidence.

## III. Analysis

### A. Claims Against the County

A municipality cannot be held liable under § 1983 simply because it employs a tortfeasor, nor can it be liable "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); see also *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."). Instead, a municipality may be held liable "only for '[its] own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469,

479 (1986)). A plaintiff asserting a municipal liability claim under *Monell* "must connect the employee's conduct to a municipal 'policy' or 'custom.'" *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022) (quoting *Brown*, 520 U.S. at 403).

To do so, a plaintiff must demonstrate one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). A plaintiff then "must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404 (emphasis in original).

To the extent that Counts II and III of Plaintiff's complaint generally seek to hold the County liable for its employees' actions during the investigation, arrest, and attempted prosecution of Plaintiff, such claims are precluded by *Monell*. However, Count III also asserts that the County's policies and customs caused the alleged injuries. Plaintiff claims that

> [t]hese unlawful customs, policies, and or [sic] practices included, but were not limited to the following:
>
> A. Failing to train and supervise employees.
>
> B. Failing to supervise, review and/or discipline employees whom [the County] knew or should have known were prone to violate

citizens['] Constitutional rights thereby permitting and/or encouraging
its employees to engage in illegal conduct; and

C. Failing to [r]equire its employees to comply with established
policies and/or procedures as well as laws and [f]ailing to discipline or
reprimand employees who violated these established policies.

(ECF No. 1, PageID.11).

Plaintiff has not pled the existence of any illegal official policy or legislative
enactment, nor that an official with final decision-making authority ratified illegal
actions. The Court's review is therefore limited to whether Plaintiff sufficiently pled
the existence of (1) a policy of inadequate training or supervision or (2) a custom of
tolerance or acquiescence of federal rights violations.

### 1.    Failure to Train or Supervise

When a *Monell* claim is based on a failure to train or supervise, a plaintiff
must plead facts that would show: "(1) the training or supervision was inadequate
for the tasks performed; (2) the inadequacy was the result of the municipality's
deliberate indifference; and (3) the inadequacy was closely related to or actually
caused the injury." *Howell v. NaphCare, Inc.*, 67 F.4th 302, 319 (6th Cir. 2023); *see
also Gordon v. Bierenga*, No. 18-13834, 2019 U.S Dist. LEXIS 85969, at *5-6 (E.D.
Mich. May 22, 2019).

A plaintiff most commonly demonstrates a municipality's deliberate
indifference by pointing to a failure to act "in response to repeated complaints of
constitutional violations by its officers." *Howell*, 67 F.4th at 319. "But a plaintiff

6

can rely on a single incident to establish liability in a narrow range of circumstances 'if the risk of the constitutional violation is so obvious or foreseeable' that it amounts to deliberate indifference for the municipality to fail to prepare its officers for it." *Rideout v. Shelby Twp.*, 691 F. Supp. 3d 816, 830 (E.D. Mich. 2023) (quoting *Howell*, 67 F.4th at 319).   Stated differently, a single incident may establish liability if "'accompanied by a showing that [the government] has failed to train its employees to handle recurring situations presenting an obvious potential' for a constitutional violation." *Shadrick v. Hopkins Cty*, 805 F.3d 724, 738-39 (6th Cir. 2015) (quoting *Brown*, 520 U.S. at 409).

Here, Plaintiff generally asserts that the County, through its customs and practices, "acted intentionally and with deliberate indifference to the obvious and or [sic] known risks to Plaintiff's personal rights . . . ." (ECF No. 1, PageID.11). Plaintiff has not pointed to any prior similar constitutional violations, so he has not plausibly alleged a failure to train or supervise under the first method. *See Rideout*, 691 F. Supp. 3d at 830.   Nor do the allegations in the complaint give rise to a plausible inference that the need for additional training or supervision to avoid incidents like the wrongs alleged was so obvious that any failure to provide such would have amounted to deliberate indifference. *See id.*

Most importantly, Plaintiff has not pled *any* facts specific to the County's conduct in this case.

> [A] *Monell* claim is inadequately pleaded where the plaintiffs allege no facts related to the municipal defendant's training or supervision of its officers; have provided no facts concerning what the defendant's training policies were, why they were inadequate, how the defendant was deliberately indifferent, or how any alleged failures in training or supervision related to the plaintiff's injuries.

*Matuscak v. Argentine Twp. Police Dep't*, No. 22-12621, 2023 U.S. Dist. LEXIS 207609, at *6 (E.D. Mich. Nov. 20, 2023).

"Indeed, a plaintiff's use of phrases such as 'failure to train' and 'failure to supervise' is meaningless without any factual allegations." *Id.* (cleaned up).

Plaintiff's complaint includes minimal, if any, facts related to the County's alleged liability in this case. Instead, Plaintiff presents bare, conclusory allegations that the County failed to train, supervise, or otherwise discipline its employees. Accordingly, he has failed to plausibly allege any failure to train or supervise by the County. *See id,* ("[The complaint] contains no factual allegations describing the municipal defendants' training programs, how they are inadequate, or how they caused [the plaintiff's] injuries. Accordingly, the proposed *Monell* failure to train claim . . . would not survive a motion to dismiss."); *Gordon*, 2019 U.S Dist. LEXIS 85969 at *6-7) (the plaintiff failed to sufficiently plead any *Monell* claim when she only asserted "a list of bare legal recitals and conclusions"); *Knox v. Scruggs*, No. 17-10900, 2018 U.S. Dist. LEXIS 54545, at *27-28 ("Nothing in plaintiff's complaint suggests a sufficient basis for a *Monell* claim for failure to train or failure to supervise or any other theory. Plaintiff's complaint contains only a conclusory

allegation that the County did 'not properly oversee and or manage their employees, unknown name supervisor, therefore condoned the misconduct [sic].'") (cleaned up).

### 2.    Custom of Tolerance

"A 'custom' for purposes of *Monell* liability must 'be so permanent and well settled as to constitute a custom or usage with the force of law.'" *Doe v. Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (quoting *Monell*, 436 U.S. at 690-91).   The Sixth Circuit has expanded on the understanding by holding that a plaintiff, to prevail on a custom-of-tolerance claim, must show "that there was a pattern of inadequately investigating similar claims." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).   Allegations of "a *single* failure" to investigate do not suffice. *Pineda v. Hamilton Cty*, 977 F.3d 483, 495 (6th Cir. 2020) (emphasis in original).   A plaintiff must show "a clear and persistent pattern of violations in earlier cases." *Id.* (citation and internal quotation marks omitted).   In other words, there must be "multiple earlier inadequate investigations and they must concern comparable claims." *Id.* (quoting *Stewart v. City of Memphis*, 788 F. App'x 341, 344 (6th Cir. 2017)).

As discussed, Plaintiff's complaint does not identify any prior similar constitutional violations.   Nor does he plead that this has been a part of some clear pattern of conduct.   Plaintiff "simply ha[s] not demonstrated a pattern of inadequate investigation of similar claims as required." *Burgess*, 735 F.3d at 478; *see also*

*Owens v. Schuette*, No. 24-10787, 2024 U.S. Dist. LEXIS 185512, at *39 (E.D. Mich. Oct. 10, 2024).   Plaintiff's claim based on a custom-of-tolerance theory therefore fails.

In sum, Plaintiff has failed to plead any cognizable claim against the County.

## B.    Claims Against the Officers

Defendants argue that Plaintiff's claims against Anderson and Cole are factually deficient. (ECF No. 15-1, PageID.66-68).   They also argue that Anderson and Cole are entitled to qualified immunity. (ECF No. 15-1, PageID.69-71).

When a defendant raises a qualified-immunity defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. *See Hart v. Hillsdale Cnty.*, 973 F.3d 627, 635 (6th Cir. 2020); *Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007).   An officer is entitled to qualified immunity if their actions do not violate "clearly established" law. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Getz v. Swoap*, 833 F.3d 646, 652 (6th Cir. 2016).   While there need not be a case directly on point for law to be clearly established, existing precedent must place the constitutional question "beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 14 (2015); *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).   Sources of clearly established law include, from most to least persuasive, Supreme Court precedent, controlling Sixth Circuit precedent, this Court's precedent, or a "robust consensus of cases of persuasive authority." *See*

*Sutton v. Metro. Gov't of Nashville & Davidson Cnty.*, 700 F.3d 865, 876 (6th Cir. 2012); *Ashcroft*, 563 U.S. at 742.

Plaintiff has not met his burden in showing that Anderson and Cole violated clearly established law. Count I alleges that the officers violated Plaintiff's "clearly established right to be free from search and seizure without probable cause" and "are not entitled to qualified immunity." (ECF No. 1, PageID.9-10). Count II simply alleges that "Plaintiff suffered deprivation of clearly established rights protected and secured by the First and Fourteenth Amendments." (ECF No. 1, PageID.10). But Plaintiff cites no caselaw showing that Cole or Anderson violated any right clearly established in the law. Indeed, Plaintiff does not engage whatsoever with Defendants' assertion of qualified immunity. (*See* ECF No. 28, PageID.451-52).

Accordingly, even if Plaintiff plausibly alleged that Anderson or Cole violated his constitutional rights, he fails to overcome the officers' entitlement to qualified immunity. *See Scott v. City of Saginaw*, 2024 U.S. Dist. LEXIS 113649, at *18-20 (E.D Mich. Jun. 27, 2024) (dismissing claim against police officers under Rule 12(b)(6) where the plaintiff made no showing of a violation of clearly established law). All claims against Anderson and Cole are therefore dismissed.[1]

---

[1] To the extent that Plaintiff is also asserting claims against Cole and Anderson in their official capacities, these are dismissed as duplicative of his claim(s) against the County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the

\* \* \*

For the reasons given, the Court **ORDERS** that Defendants' motion to dismiss the complaint with prejudice (ECF No. 15-1) is **GRANTED**.

Dated: January 16, 2025                     s/Robert J. White
                                            Robert J. White
                                            United States District Judge

---

governmental entity."); *Cavanaugh v. McBride*, 33 F. Supp. 3d 840, 848-49 (E.D. Mich. 2014) ("[B]ecause Cavanaugh has raised claims against Otsego County, the claims against [the county's sheriff and undersheriff] in their official capacities are duplicative and will be dismissed."),